IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-322 |
| v. | ) | |
| | ) | Judge Nora Barry Fischer |
| RONALD C. GREGG, | ) | |
| DEBORAH L. GREGG, | ) | |
| ESTATE OF IRVIN G. KLUGH, and | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

**I.  INTRODUCTION**

Presently before the Court is the Motion for Summary Judgment (Docket No. 48) filed by the United States of America ("Plaintiff") seeking judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56(a) with respect to all claims asserted in Plaintiff's Complaint of March 15, 2012. (Docket No. 1). Plaintiff's claims are asserted under 26 U.S.C. §§ 6203, 6321, 6322, and 6672, seeking judgment for unpaid taxes by Defendants Ronald C. Gregg ("Ronald") and Deborah L. Gregg ("Deborah") and partial satisfaction of monies owed through judicial sale of Ronald and Deborah's real property. The Estate of Irvin G. Klugh and the Commonwealth of Pennsylvania Department of Revenue were joined as defendants due to coexisting claims upon Ronald and Deborah's real property. (Docket No. 1 at 3). This Court exercises subject-matter jurisdiction over Plaintiff's claims pursuant to 26 U.S.C. §§ 7401 –

7403, and 28 U.S.C. §§ 1331, 1340 and 1345. For the following reasons, Plaintiff's Motion for Summary Judgment will be GRANTED.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Ronald and his wife, Deborah, are residents of Pennsylvania, and share a home on property located in Butler, Pennsylvania, which they own. (Docket No. 55-1 at 7 – 8). In addition, Ronald formerly owned a number of businesses in the field of metal fabricating and glazing, also based in Butler, Pennsylvania. (*Id.* at 7 – 9, 14 – 20). The first, doing business as Fenestech, was a sole proprietorship in 2001 – the beginning of the time period relevant to the present case. (*Id.* at 8 – 9). At some point during 2001, Ronald became concerned about his potential exposure to liability as a sole proprietor, and so decided to incorporate Fenestech. (*Id.* at 13 – 14). Ronald became the sole corporate officer of the newly incorporated entity, thereafter doing business as Fenestech, Inc. (*Id.* at 15). Fenestech, Inc. had a number of employees including Deborah, who performed secretarial duties. (*Id.* at 15 – 17, 77 – 78).

On a day-to-day basis, Ronald was in charge of assigning work schedules, creating estimates, monitoring construction sites, resolving construction site problems, and negotiating contracts. (Docket No. 55-1 at 9, 15). Ronald hired office employees to handle correspondence, filing, time-keeping, receivables, payables, invoices, payment scheduling and tracking, debt management, and check signing. (*Id.* at 15 – 16). Ronald had final authority over all these matters. (*Id.* at 16 – 17). He determined the priority of bill payment, but did not review every check that was written before it was sent out. (*Id.* at 17). An employee by the name of Mary Nutter completed monthly reports for Ronald with respect to Fenestech, Inc.'s general business, including expenditures and tax obligations. (*Id.* at 18 – 19). Ronald was notified if Fenestech, Inc. failed to make a required tax deposit. (*Id.*).

Fenestech, Inc. declared bankruptcy in 2002. (Docket No. 55-1 at 19 – 20). In late 2002, Ronald incorporated another venture doing business as Island Metals, Inc. (*Id.*). Island Metals, Inc. was also a metal fabricator, and did the same work as Fenestech, Inc. (*Id.*). Once again, Ronald was the sole officer, and had sole authority over all financial affairs. (*Id.* at 20 – 21). However, Island Metals, Inc. had no office staff, and Mary Nutter did not prepare monthly reports for Island Metals, Inc. (*Id.* at 21 – 22).

A Complaint was filed by the United States in this Court on March 15, 2012. (Docket No. 1). In Count I, Plaintiff asserted that both Ronald and Deborah failed to pay all personal income taxes due for the fiscal years 2004, 2006, and 2009. (Docket Nos. 1 at 3 – 4; 48-1 at 2 – 3; 49 at 1 – 2). As of March 5, 2012, the couple collectively owed Plaintiff $25,286.18, including interest and penalties. (*Id.*). In Count II, Plaintiff claimed that while in business as a sole proprietorship, Fenestech had failed to make necessary employment tax payments to the United States for the tax periods ending on June 30, September 30, and December 31, 2001. (Docket Nos. 1 at 4 – 5; 48-1 at 3 – 4; 49 at 10 – 11). Further, Fenestech had failed to make necessary unemployment tax payments for the tax period ending December 31, 2001. (*Id.*). As of March 5, 2012, unpaid tax liabilities for Fenestech, as a sole proprietorship, including penalties, allegedly totaled $613,699.82. (*Id.*).

In Count III it was alleged that Fenestech, Inc. had failed to pay employment taxes for the tax periods ending June 30, September 30, and December 31, 2002. (Docket Nos. 1 at 5 – 6; 48-1 at 4 – 10; 49 at 11 – 12). As of March 5, 2012, unpaid tax liabilities for Fenestech, Inc., as a corporation, including penalties, allegedly totaled $115,394.37. (*Id.*). Similarly, in Count IV it was alleged that Island Metals, Inc. had failed to pay employment taxes for tax periods ending March 31, June 30, September 30, and December 31, 2003. (Docket Nos. 1 at 7 – 8; 48-1 at 10 –

12; 49 at 12 – 13). As of March 5, 2012, unpaid tax liabilities for Island Metals, Inc., including penalties, allegedly totaled $63,410.70. (*Id.*).

As a result of these outstanding tax liabilities, in Count V Plaintiff sought to foreclose upon all property and rights to property held by Ronald and Deborah – specifically, their real property in Butler, Pennsylvania. (Docket Nos. 1 at 8 – 9; 48-1 at 12 – 15; 49 at 13 – 14). Plaintiff further asked this Court to hold that its tax assessment liens have priority over competing liens held by the Estate of Irvin G. Klugh and the Commonwealth of Pennsylvania Department of Revenue with respect to Ronald and Deborah's property in Butler, Pennsylvania. (*Id.*).

Ronald and Deborah filed their respective Answers *pro se* on May 7, 2012, admitting liability for unpaid taxes, but disputing the amount owed and the propriety of foreclosing upon their real property, and alleging unfair delay by the government in prosecution of its claims. (Docket Nos. 13, 14). Default Judgment was entered in favor of Plaintiff as against the Commonwealth of Pennsylvania Department of Revenue on June 5, 2012. (Docket No. 21). The Estate of Irvin G. Klugh filed its Answer on June 13, 2012, alleging that a judgment awarded against Ronald in a Pennsylvania court gave its judgment lien priority over Plaintiff's liens. (Docket No. 29).

Following a case management conference on November 7, 2012 (Docket No. 38), the parties engaged in discovery, receiving one extension of time (Docket Nos. 43, 44), with the parties ultimately agreeing to end discovery on July 10, 2013 (Docket Nos. 46, 47). A Motion for Summary Judgment, accompanying brief in support, and concise statement of material facts were filed by Plaintiff on August 6, 2013. (Docket Nos. 48, 48-1, 49). Ronald, proceeding *pro se,* filed a Response on September 10, 2013. (Docket Nos. 51, 52). No responses were filed by

Deborah or the Estate of Irvin G. Klugh. Plaintiff filed a Reply on September 12, 2013. (Docket No. 53). No further filings were made by any of the parties to this suit. The matter is now ripe for disposition.

### III. STANDARD OF REVIEW

Summary judgment may only be granted where the moving party shows that there is no genuine dispute as to any material fact, and that judgment as a matter of law is warranted. FED. R. CIV. P. 56(a). Pursuant to Rule 56, the Court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the Court must interpret the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F. 3d 144, 147 (3d Cir. 2007).

The burden is initially on the moving party to demonstrate that the evidence contained in the record does not create a genuine dispute of material fact. *Conosheti v. Pub. Serv. Elec. & Gas Co.*, 364 F. 3d 135, 140 (3d Cir. 2004). A dispute is "genuine" if the evidence is such that a reasonable trier of fact could render a finding in favor of the non-moving party. *McGreevy v. Stroup*, 413 F. 3d 359, 363 (3d Cir. 2005). Where the non-moving party will bear the burden of proof at trial, the moving party may meet its burden by showing that the admissible evidence contained in the record would be insufficient to carry the non-moving party's burden of proof. *Celotex Corp.*, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond his or her pleadings and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine dispute of material fact for trial. *Id.* at 324. The non-moving party cannot defeat a

well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *Williams v. Borough of West Chester*, 891 F. 2d 458, 460 (3d Cir. 1989).

V. **DISCUSSION**

A. Count I: Personal Income Tax Liabilities

Plaintiff first asserts that Ronald and Deborah neglected to pay their full income tax liabilities in 2004, 2006, and 2009. (Docket No. 48-1 at 2 – 3). Notices of federal tax liens were filed in Butler County, Pennsylvania on April 6, 2009 with respect to outstanding taxes for 2004 and 2006, and on July 10, 2010 with respect to outstanding taxes for 2009. (Docket No. 49 at 14). In response, Defendants have neither made supportable claims nor presented competent evidence to refute any of Plaintiff's factual averments regarding income tax liabilities. There is no citation to evidence in the record, or to pertinent case law.

The United States sustains a *prima facie* case of tax liability when it presents certified copies of certificates of assessment and signed affidavits of Internal Revenue Service officers detailing a defendant's tax liabilities. *United States v. Stuler*, 2010 WL 306996 at *4 (W.D. Pa. Jan. 26, 2010) (citing *Janis v. United States*, 428 U.S. 433, 440 (1976); *Freck v. Internal Revenue Service*, 37 F. 3d 986, 992 (3d Cir. 1994)). The assessments used to establish a *prima facie* case are presumed to be correct. *Id.* (citing *Psaty v. United States*, 442 F. 2d 1154, 1159 (3d Cir. 1971)). A burden of both production and persuasion shifts to a defendant to demonstrate that the tax assessments were erroneous. *Id.* (citing *Francisco v. United States*, 267 F. 3d 303, 319 (3d Cir. 2001)). "Unless a defendant in a collection suit comes forward with evidence of an error in the computations, he cannot survive a motion for summary judgment." *Id. See also United States v. Hennelly*, 164 F. Supp. 2d 665, 666 – 67 (M.D. Pa. 2001).

To this end, Local Rule of Civil Procedure 56(C) and (E) requires that in addition to a responsive memorandum in opposition to a motion for summary judgment, a non-moving party must provide a responsive concise statement admitting or denying factual averments contained in the moving party's concise statement, and set forth the factual basis for denials and claims of genuine disputes of material fact. Failure to provide such a statement is construed as an admission by the non-moving party. *Id.*

The Court is sensitive to Ronald and Deborah's *pro se* status. Indeed, it is established policy that judges hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 244 (3d Cir. 2013) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Courts accord *pro se* litigants a certain degree of leniency, particularly with respect to procedural rules. *Id.* *Pro se* pleadings are liberally construed, and courts will apply a relevant legal principle even when a *pro se* litigant has failed to explicitly name it. *Id.* (citing *Higgs v. Att'y Gen.*, 655 F. 3d 333, 339 (3d Cir. 2011); *Dluhos v. Strasberg*, 321 F. 3d 365, 369 (3d Cir. 2003)).

However, the Court may not be co-opted by a *pro se* litigant to perform tasks normally carried out by hired counsel. *Mala*, 704 F. 3d at 244 (citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000)). Providing assistance or "[e]xtending too much procedural leniency to a pro se litigant risks undermining the impartial role of the judge in the adversary system." *Id.* (quoting *Procedural Due Process Rights of Pro Se Civil Litigants*, 55 U. CHI. L. REV. 659, 671 (1988)). Moreover, it has never been suggested that "procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.* at 245 (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). *Pro se* litigants must adhere to procedural

7

rules as would parties assisted by counsel. *Id.* This includes procedural requirements regarding the provision of adequate factual averments to sustain legal claims. *Id.* (citing *Riddle v. Mondragon*, 83 F. 3d 1197, 1202 (10th Cir. 1996)).

While the Court recognizes that Ronald and Deborah have not secured legal counsel, this does not excuse their duties to adhere to court procedure. The Local Rules dictate that Deborah's total failure to file any responsive memorandum, concise statement, or appendix of evidence in support thereof constitutes an admission to the factual statements made by Plaintiff. Further, Deborah failed to adhere to the legal requirement of demonstrating that her tax assessment was erroneous. As such, summary judgment in favor of Plaintiff as to its income tax assessment against Deborah is warranted. Moreover, although Ronald filed a brief in opposition to Plaintiff's Motion, he failed to provide a concise statement or appendix of evidence in support thereof. (Docket Nos. 51, 52). Ronald failed to cite to any evidence to dispute Plaintiff's claims with regard to the amount of income tax, penalties, and interest owed, aside from reference to his own deposition testimony – which he believed had been misconstrued by Plaintiff. (*Id.*). The Court reviewed Ronald's testimony, and notes that the deposition specifically and as a whole offers the Court little in terms of rebuttal to Plaintiff's factual claims. In this Court's estimation, Ronald's testimony tended to be vague or evasive, and is of little use in supporting Ronald's arguments. Summary judgment in favor of Plaintiff with respect to Ronald's income tax liabilities is, therefore, similarly warranted.

Incidentally, Ronald contends that Plaintiff's delay in prosecuting its claims following failed negotiations between the parties was unfairly punitive. (*Id.*). This assertion is without merit. Ronald has cited no authority or evidence to demonstrate impropriety by Plaintiff in

seeking to reduce its tax assessments to judgment. The Court need not further entertain such argument.

B. Count II: Fenestech's Employment and Unemployment Tax Liabilities

It is next claimed that Ronald is liable for employment and unemployment taxes which went unpaid by Fenestech in 2001. (Docket No. 48-1 at 3 – 4). A notice of federal tax lien was filed in Butler County, Pennsylvania with respect to said tax liabilities on January 20, 2002. (Docket No. 49 at 14). Plaintiff seeks a judgment against Ronald in this amount, because as the owner of the sole proprietorship doing business as Fenestech, he was responsible for remitting these tax payments to the United States on behalf of his employees.

26 U.S.C. §§ 3102 and 3402 compel employers to withhold their employees' payroll taxes as wages are paid. *United States v. Mitchell*, 82 F. App'x 781, 784 (3d Cir. 2003) (citing *Slodov v. United States*, 436 U.S. 238, 243 (1978)). These monies are "held to be a special fund in trust for the United States." *Id.* Once deducted from employees' wages, withholdings "are credited to the employee regardless of whether they are paid by the employer." *Matter of Ribs-R-Us, Inc.*, 828 F. 2d 199, 200 (3d Cir. 1987) (quoting *Slodov*, 436 U.S. at 243). As such, the Internal Revenue Code imposes a penalty of personal liability of up to one hundred percent of taxes due when responsible persons fail to remit withholding taxes to the United States. *McCloskey v. United States*, 2009 WL 2970123 at *3 (W.D. Pa. Sept. 15, 2009); *United States v. Thayer*, 201 F. 3d 214, 219 (3d Cir. 1999). The owner of a sole proprietorship is the party responsible for paying such taxes. *Halfhill v. United States Internal Revenue Service*, 927 F. Supp. 171, 176 n. 5 (W.D. Pa. 1996).

Presently, Ronald does not dispute his liability, but does dispute the amount owed. (Docket Nos. 13 at 4; 51; 52). Yet, as previously discussed above, Ronald does not provide

9

adequate responses and factual statements, as required by Local Rule of Civil Procedure 56 and applicable case law, to refute his tax liabilities. Summary judgment as to Count II will be granted in Plaintiff's favor, as a result.

C. <u>Count III: Fenestech, Inc.'s Employment Tax Liabilities</u>

Count III of Plaintiff's Complaint seeks to extend liability for Fenestech, Inc.'s unpaid employment taxes for 2002 to Ronald. (Docket No. 48-1 at 4 – 10). A notice of federal tax lien was filed in Butler County, Pennsylvania with respect to said liability on November 14, 2004. (Docket No. 49 at 14). As the sole corporate officer and shareholder of Fenestech, Inc., with ultimate authority over the company's finances and regular reporting by company employees as to the business's finances, Plaintiff argues that pursuant to 26 U.S.C. § 6672, Ronald is responsible for outstanding tax liabilities, plus interest and penalties. (Docket No. 48-1 at 4 – 10).

Civil penalties are imposed upon "any person required to collect, truthfully account for, and pay over any tax imposed by this title who wilfully fails to collect such tax." *Thayer*, 201 F. 3d at 219 (quoting 26 U.S.C. § 6672(a)). Due to the ability to essentially discharge tax liabilities through corporate dissolution, Congress allows the courts to place personal liability for unremitted withholdings upon corporate officers and employees "responsible for effectuating the collection and payments of trust fund taxes." *Matter of Ribs-R-Us, Inc.*, 828 F. 2d at 200. This "penalty" is "assessed and collected in the same manner as taxes." *Id.* (quoting 26 U.S.C. § 6671(a)). Thus, the United States has an alternative for collection of unpaid taxes. *United States v. Pepperman*, 976 F. 2d 123, 126 (3d Cir. 1992).

Two conditions must be met before personal liability can attach under 26 U.S.C. § 6672: "(1) the individual must be a 'responsible person,' and (2) his or her failure to pay the tax must

10

be 'willful.'" *Mitchell*, 82 F. App'x at 785 (citing *Greenberg v. United States*, 46 F. 3d 239, 242 (3d Cir. 1994)). "Responsibility is a matter of status, duty or authority, not knowledge." *Id.* (quoting *Quattrone Accountants, Inc. v. Internal Revenue Serv.*, 895 F. 2d 921, 927 (3d Cir. 1990)). Willfulness exists when the responsible party knows that taxes are due, or acts in reckless disregard of this fact. *Id.* (quoting *Greenberg*, 46 F. 3d at 244).

As to Count III, Ronald not only objects to the amount owed, but to the assertion that he willfully neglected to pay taxes. (Docket Nos. 13 at 4; 51; 52). Yet, the facts of this case, even viewed in the light most favorable to Ronald as the non-moving party, dictate otherwise. As to whether Ronald was a "responsible" person, there are several important factors to consider, including: "(1) the contents of the corporate bylaws; (2) the ability to signs checks on the company's bank account; (3) the signature on the corporation's tax returns; (4) the payment of other creditors; (5) the identity of officers, directors and principal stockholders in the corporations; (6) the identity of individuals in charge of hiring and discharging employees; and (7) the identity of individuals in charge of the firm's financial affairs." *Mitchell*, 82 F. App'x at 785 (citing *Brounstein v. United States*, 979 F. 2d 952, 954 – 55 (3d Cir. 1992)). Additionally, a demonstration of "significant," as opposed to "absolute" or "exclusive," control over a company's finances will suffice to establish status as a "responsible person." *McCloskey*, 2009 WL 2970123 at *4 (citing *Brounstein*, 979 F. 2d at 954; *Quattrone*, 895 F. 2d at 927); *Vespe*, 868 F. 2d at 1334. While Ronald does not dispute his responsibility, even if he did, the facts below clearly demonstrate that he was the person responsible for payment of Fenestech, Inc.'s federal tax liabilities. The Court notes that Ronald had sole authority over Fenestech, Inc.'s financial affairs, even though he had other employees who provided him with aid in managing the business's finances. (Docket No. 55-1 at 15 – 17). He was the sole corporate officer and

shareholder. (*Id.*). He reviewed all significant financial transactions and signed corporate checks. (*Id.*). Ronald admitted to prioritizing business expenses. (*Id.*). Ronald prepared and signed tax returns. (*Id.* at 78 – 79).

As to whether Ronald willfully failed to pay Fenestech, Inc.'s federal taxes, relevant case law has established that willfulness in failure to remit withholdings may be found when a responsible person pays other creditors in preference to the United States when taxes are known to be due, or when payments are made for employees' wages, rent, and other business expenses in preference to the United States. *McCloskey*, 2009 WL 2970123 at *4 (citing *Wall v. United States*, 592 F. 2d 154, 163 (3d Cir. 1979)); *Greenberg*, 46 F. 3d at 244; *Vespe*, 868 F. 2d at 1334 (citing *Wall*, 592 F. 2d at 163). Moreover, there need not be proof of "deviousness" or "an intention to defraud the government" to find willfulness. *McCloskey*, 2009 WL 2970123 at *4 (citing *Wall*, 592 F. 2d at 163).

As memorialized in Ronald's own deposition testimony, the record is replete with examples of payments made to employees, vendors, and creditors, and payments for other general business expenses, while outstanding taxes were due and owing to the United States in 2002. (Docket No. 55-1 at 23 – 71). Ronald testified that while he could not remember when he stopped paying his federal tax liabilities, he would have been aware of any failure to pay taxes. (*Id.* at 52 – 53). Ronald believed he stopped paying federal taxes because there were not sufficient funds to do so. (*Id.* at 53). He would, however, advance his own personal money to pay employees. (*Id.* at 52).

Withheld monies "can be a tempting source of ready cash to a failing corporation beleaguered by its creditors." *Matter of Ribs-R-Us, Inc.*, 828 F. 2d at 200. However, it is "no defense that the corporation was in financial distress and that funds were spent to keep the

corporation in business with the expectation that sufficient revenue would later become available to pay the United States." *Greenberg*, 46 F. 3d at 244. Further, willfulness in the form of "reckless disregard" of payment of tax liabilities may be found to exist when the taxpayer "(1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) he was in a position to find out for certain very easily." *United States v. Vespe*, 868 F. 2d 1328, 1335 (3d Cir. 1989) (citations omitted).

At the very least, the facts in this case demonstrate Ronald's reckless disregard for failure to pay tax liabilities, but in this Court's opinion are more appropriately characterized as evidence of a fully conscious awareness of a failure to pay federal taxes which were owed, in favor of other business expenses – even when viewing the evidence in the light most favorable to Ronald. Additionally, as noted in this Court's discussion above, Ronald has presented no evidence in the form required by Local Rule of Civil Procedure 56 to refute Plaintiff's factual averments or to support his contention that he did not willfully neglect to pay his tax liabilities. As such, summary judgment in Plaintiff's favor for Count III is justified.

D. <u>Count IV: Island Metals, Inc.'s Employment Tax Liabilities</u>

Count IV of Plaintiff's Complaint seeks to extend liability for Island Metals, Inc.'s unpaid employment taxes for 2003 to Ronald. (Docket No. 48-1 at 10 – 12). A notice of federal tax lien was filed in Butler County, Pennsylvania with respect to said liability on March 6, 2006. (Docket No. 49 at 14). As the sole corporate officer and shareholder of Island Metals, Inc., with ultimate authority over the company's finances, Plaintiff argues that pursuant to 28 U.S.C. § 6672, Ronald is responsible for outstanding tax liability, plus interest and penalties. (Docket No. 48-1 at 10 – 12). Ronald again objects to the amount owed, and to the assertion that he willfully neglected to pay taxes. (Docket Nos. 13 at 4; 51; 52).

The facts as to Island Metals, Inc.'s management and operation vary slightly, but not dispositively. Due to the striking similarity between the circumstances of Fenestech, Inc. and Island Metals, Inc.'s failure to pay federal taxes, the Court will not rehash the record here. Suffice it to say, that as the sole corporate officer and shareholder of Island Metals, Inc., and as the only individual in charge of finances, with no employees to aid him, there is no plausible way for Ronald to deny responsibility for payment of Island Metals, Inc.'s federal tax liabilities, or for Ronald to deny that his failure to pay said taxes was willful. (Docket No. 55-1 at 19 – 22). Indeed, as noted before, Ronald has failed to provide the Court with any explanation supported by factual statements or case law in the form required by Local Rule of Civil Procedure 56 to refute any of Plaintiff's arguments as to liability under Count IV. As a result, summary judgment will be granted in favor of Plaintiff at Count IV.

E. <u>Count V: Foreclosure upon Federal Tax Liens</u>

Lastly, Plaintiff asks the Court to declare that its federal tax liens upon Ronald and Deborah's real property have priority over all others, and that such liens will be foreclosed and the real property sold, proceeds from the sale of which will be used to satisfy Ronald and Deborah's outstanding tax liabilities. (Docket No. 48-1 at 12 – 15). Defendants Ronald and Deborah do not disclaim the validity of Plaintiff's tax liens, but merely the amounts owed and the propriety of foreclosing upon their real property in satisfaction of their tax liabilities. (Docket Nos. 13, 14). Having already addressed the issue of monies owed by Ronald and Deborah, the Court turns to Plaintiff's desire to foreclose upon Defendants' real property.

A tax assessment is the procedure prescribed by federal law for officially recording a party's tax liabilities. *Stuler*, 2010 WL 306996 at *3 (citing *Cohen v. Gross*, 316 F. 2d 521, 522 – 23 (3d Cir. 1963)). Tax liens come into existence automatically on the date of an assessment.

14

*Id.* These liens "'attach to all property and rights to property, whether real or personal' belonging to the taxpayer, and follow the property through subsequent transfers until satisfied or barred by the statute of limitations." *Id.* (citing 26 U.S.C. §§ 6321 and 6322; *United States v. National Bank of Commerce*, 472 U.S. 713, 719 (1985); *United States v. Sullivan*, 333 F. 2d 100, 109 (3d Cir. 1964)). A civil action to enforce a tax lien allows the court to "subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax." *Id.* (quoting 26 U.S.C. § 7403(c)). Foreclosure and sale of "all property and rights to property" is permitted. *Id.* (citing *United States v. Rodgers*, 461 U.S. 677, 680 – 82, 691 – 92 (1983)).

In his response to Plaintiff's Motion for Summary Judgment, Ronald makes no mention of the foreclosure issue, although he had questioned the propriety of foreclosure in his Answer to Plaintiff's original Complaint. (Docket Nos. 13, 51, 52). Deborah similarly questioned the propriety of foreclosure in her Answer, but failed to file a response – in any form – to Plaintiff's Motion for Summary Judgment. (Docket No. 14). As previously discussed at length in this Court's opinion, Ronald and Deborah have failed to meet the requirements of Local Rule of Civil Procedure 56, and have failed to cite to any evidence or authority in support of their positions as to Count V in their respective Answers. The Court will, therefore, grant summary judgment in Plaintiff's favor, and foreclosure of Ronald and Deborah's real property subject to Plaintiff's tax liens shall be ordered to proceed in accordance with 28 U.S.C. §§ 2001 and 2002.

Furthermore, because Defendant Estate of Irvin G. Klugh has declined to respond to Plaintiff's Motion for Summary Judgment with respect to lien priority, the Court need not address the issue and will, therefore, grant summary judgment in Plaintiff's favor as to the issue.

## VI. CONCLUSION

Based upon the foregoing, both Ronald and Deborah have utterly failed to provide factual statements to refute Plaintiff's claims in a form which is proper under Local Rule of Civil Procedure 56, and pursuant to relevant case law. Additionally, the Estate of Irvin G. Klugh has similarly failed to file proper responsive pleadings. Accordingly, Plaintiff's Motion for Summary Judgment (Docket No. 48) is granted as to Counts I through V in its Complaint of March 15, 2012. (Docket No. 1). Appropriate Orders follow.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: December 11, 2013
cc/ecf: All counsel of record.